*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

HERBIE BREWER III,

Defendant-Appellant.

UNPUBLISHED
May 14, 2020

No. 346446
Kent Circuit Court
LC Nos. 18-000824-FJ;
18-000825-FJ; 18-000826-FJ

## AFTER REMAND

Before: O'BRIEN, P.J., and RONAYNE KRAUSE and GADOLA, JJ.

PER CURIAM.

This case returns to us after we remanded it to the trial court for resentencing of defendant on his plea-based convictions of two counts of breaking and entering with intent to commit a felony, MCL 750.110, two counts of larceny by stealing a firearm, MCL 750.357b, and one count of carrying a concealed weapon, MCL 750.227. On remand, the trial court imposed a sentence of 5 to 10 years' imprisonment for the breaking and entering convictions, and 18 months to 5 years for each conviction of larceny and carrying a concealed weapon, with 885 days credit for time served. We affirm.

In September 2017, defendant engaged in a spree of gun thefts from Grand Rapids area gun dealers. Over the course of two nights, defendant and his companions broke into four stores, stealing 28 firearms and causing over $30,000 in loss and damage to the stores. At the time defendant committed this series of crimes, he was 16 years old and was on probation for armed robbery and for receiving and concealing a stolen motor vehicle.[1] When he was arrested during an investigatory traffic stop, defendant was armed with a handgun.

As part of a plea agreement, defendant pleaded guilty to two counts of breaking and entering with intent to commit a felony, two counts of larceny of a firearm, and carrying a

---

[1] Defendant was charged as an adult in this matter; his previous convictions were as a juvenile.

concealed weapon. In exchange, the prosecutor dismissed other charges pending against defendant and recommended a minimum sentence within the sentencing guidelines range, which was 5 months to 23 months in prison for each count of breaking and entering, and 7 to 23 months in prison for each count of larceny and carrying a concealed weapon. Although the trial court informed defendant that it would not adhere to the plea agreement, defendant declined to withdraw his plea. The trial court thereafter imposed a sentence greatly exceeding the sentencing guidelines, sentencing defendant to 6 to 10 years' imprisonment for each conviction of breaking and entering, and 3 to 5 years' imprisonment for each conviction of larceny of a firearm and carrying a concealed weapon, with all sentences to be served concurrently. The trial court's main basis for exceeding the guidelines in sentencing defendant was that defendant had illegally sold the guns into the community where the weapons presented a continuing danger.

Defendant appealed to this Court, challenging his sentence as unreasonable. While retaining jurisdiction, we vacated defendant's sentences and remanded to the trial court. We explained that:

> The trial court's main basis for the departure was that defendant's sale of the stolen firearms into the community would have a negative impact on society not adequately considered in the guidelines. Because the record seemingly indicates that only one of the stolen guns was ever recovered, it is reasonable to infer that the other guns ended up in the community, with clearly dire consequences. However, there is no record evidence that defendant sold the guns or that defendant specifically had any involvement in disposing of the guns. The trial court's concern is appropriate and could support an upward departure sentence in principle, but we are unable to find it sufficiently supported by the record. See [*People v*] *Dixon-Bey*, 321 Mich App [490,] 526, 529; [909 NW2d 458 (2017)]. This Court is not permitted to supplement the trial court's reasoning regarding why a departure is justified. *People v Smith*, 482 Mich 292, 304; 754 NW2d 284 (2008); *Dixon-Bey*, 321 Mich App at 531 n 11. We further observe that the trial court did not otherwise adequately justify the departure nor the extent of the departure. The more than tripling of the high end of the guidelines for this young offender suggests that the departure was excessive, but we are hindered in our review by the trial court's lack of justification on the record for the departure explaining why the sentence imposed is more proportionate or less proportionate to the offense and the offender than a different sentence would have been. [*People v Brewer*, unpublished per curiam opinion of the Court of Appeals, issued February 4, 2020 (Docket No. 346446), p 3.]

On remand, the trial court held an evidentiary hearing in which testimony was offered establishing that defendant sold many of the guns and that police later recovered certain of the guns while investigating other crimes. Each party submitted a sentencing memorandum, and the trial court thereafter held a sentencing hearing at which defendant's sentencing guidelines were recalculated as 19 to 38 months for the breaking and entering convictions, and 7 to 23 months for the larceny and carrying convictions. The trial court then sentenced defendant to 5 to 10 years in prison for the breaking and entering convictions, and 18 months to 5 years on the larceny and carrying convictions, with credit for time served.

This Court reviews a departure from the sentencing guidelines range for reasonableness, *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015), determining "whether the trial court abused its discretion by violating the principle of proportionality. . . ." *People v Steanhouse*, 500 Mich 453, 477; 902 NW2d 327 (2017). The principle of proportionality requires sentences "to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id.* at 460, quoting *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). Although the sentencing guidelines are now advisory only, trial courts must continue to consider the guidelines when imposing a sentence. *Lockridge*, 498 Mich at 392. A trial court that chooses to depart from the sentencing guidelines is required to justify the departure on the record "explaining why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *People v Odom*, 327 Mich App 297, 315; 933 NW2d 719 (2019) (quotation marks and citation omitted).

On remand, the trial court in this case again departed from the guidelines, sentencing defendant to 5 to 10 years in prison for the breaking and entering convictions, exceeding the recalculated guidelines of 19 to 38 months by 22 months. The trial court, however, explained that this sentence was more proportionate to the offense and the offender in this case given the increased risk to the community presented by defendant's sale of the guns to purchasers who then used the guns in connection with further criminal activity. Because the record after remand contains support for the finding that defendant in fact sold the guns, and because the trial court adequately justified the departure on the record, we are now able to conclude that the trial court's concern, as reflected in the upward departure, is supported by the record. See *People v Dixon-Bey*, 321 Mich App 490, 526, 529; 909 NW2d 458 (2017).

Affirmed.

/s/ Colleen A. O'Brien
/s/ Amy Ronayne Krause
/s/ Michael F. Gadola